S99Y0840. IN THE MATTER OF JEFFREY LEE HERSH.
(515 SE2d 390)

PER CURIAM.

The State Bar filed three Formal Complaints against Respondent Jeffrey Lee Hersh alleging violations of Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation), 61 (failure to notify promptly a client of the receipt of client funds or other properties and failure to deliver promptly such funds or other properties to the client), 63 (failure to render appropriate accounts to his client of all client funds coming into his possession), 65 (A) (failure to account for trust property held in a fiduciary capacity), and 65 (D) (withdrawal of funds from an attorney trust account for personal use) of Bar Rule 4-102 (d). Upon Hersh's failure to file a timely answer to any of the Formal Complaints as required by Bar Rule 4-212 (a), Hersh was in default and subject to the discipline of this Court. Further, pursuant to Bar Rule 4-212 (a), the facts alleged and violations charged in the Formal Complaints are deemed admitted by Hersh. The special master has recommended disbar-

ment as an appropriate sanction for Hersh's violation of Standards 4, 61, 63, 65 (A), and 65 (D) of Bar Rule 4-102 (d). We agree.

In the first matter presented, Hersh served as the closing attorney in November 1997 on a refinancing of property. The property owner attended the closing, signed the necessary documents, and received a closing check from Hersh for approximately $6,000 drawn on Hersh's attorney trust account. Hersh retained approximately $21,000 and $800 to pay the previous mortgage and property taxes respectively. The check, which the owner presented to the bank the next day, was not honored due to insufficient funds. The owner relayed this information to Hersh, who told her to take the check back to the bank. The bank honored the check when the owner presented it the next day. Regarding the money held by Hersh to pay off the previous mortgage and property taxes, Hersh was asked on several occasions to account for the funds withheld. In response, Hersh first stated that he had sent a check to the first mortgage holder by Federal Express and then later claimed that he mailed the check by regular mail. Hersh did not actually pay off the previous mortgage until on or about December 23, 1997. Similarly, Hersh failed to pay the property taxes and, after DeKalb County threatened to take legal action, another party paid the taxes between March and April 1998 and upon advising Hersh that the taxes had been paid, Hersh issued a check for reimbursement drawn on Hersh's personal account. In total, more than 40 verbal requests and at least four written requests were made to Hersh for an accounting of the funds withheld during the November 1997 closing and at least 50 requests were made for copies of the closing documents. Hersh failed to provide the requested accounting or closing documents. By his conduct in the above matter, Hersh violated Standards 4, 65 (A), and 65 (D) of Bar Rule 4-102 (d).

In the second matter presented, Hersh set up a trust on behalf of the daughter of a friend of Hersh's former partner. The daughter's inheritance included cash assets exceeding $600,000. On September 1, 1992, Hersh spoke with a representative of an investment company and informed her that he would be serving as trustee on an account he wanted to set up with the company on behalf of the daughter. Hersh confirmed the conversation in a letter sent on September 2, 1992, and requested the application documents to establish an account for the alleged trust. On September 20, 1992, Hersh created or caused the creation of a Power of Attorney appointing Hersh as attorney-in-fact for the business and personal affairs of the daughter and purportedly signed by the daughter. On September 29, 1992, Hersh submitted the documentation for a new account application to the investment company listing himself as trustee for the daughter's trust. The documentation included a "Trustee Certification of Invest-

ment Powers" in which Hersh certified that the trust was created on February 2, 1992. Funds from the daughter's inheritance were moved to the account for the daughter's benefit and Hersh obtained signature authority over the account. However, a trust for the benefit of the daughter and naming Hersh as trustee did not exist at any time relevant to these proceedings. Between December 4, 1992 and November 27, 1995, Hersh issued approximately 30 checks from the account made payable to Hersh, an attorney trust account established by his former law partnership but which only Hersh utilized, Golden Mane (a personal business venture incorporated by Hersh), or personal business associates of Hersh. None of the checks were issued for the daughter's benefit and one or more of the checks issued to the attorney trust account eventually went to Golden Mane or to Hersh's personal business associates. By his conduct in the above matter, Hersh violated Standards 4 and 65 (D) of Bar Rule 4-102 (d).

In the third matter presented, Hersh was retained by a bank to pursue various claims on its behalf, including resolution of alleged defaults on various real and personal property notes and security deeds. In this capacity, Hersh received funds from bank customers which he was required to turn over, in part or in full, to the bank. On one or more occasions during his employment by the bank, Hersh failed and refused to turn over funds due to the bank and to give an accounting for the funds. After receiving information concerning Hersh's not turning over funds due to the bank and taking the funds for his personal use, the bank discharged Hersh in a letter dated November 19, 1997, and instructed him to deliver all bank files to the law firm which the bank had retained to take over the files given to Hersh. Hersh failed to deliver the files. In May 1998, a member of the law firm sent a letter to Hersh demanding payment to the bank of $10,645.87 that Hersh received in December 1996 from a bank client to pay off a loan. Hersh failed to pay or account for any portion of the money. By his conduct in the above matter, Hersh violated Standards 4, 61, 63, and 65 (A) of Bar Rule 4-102 (d).

We conclude that each and every violation by Hersh in the above matters warrants the discipline of disbarment. We note that although the fact that Hersh has no prior disciplinary record would normally act as a factor in mitigation of discipline, such mitigation is offset by the following factors: (1) Hersh's bad faith obstruction of and failure to comply with the Bar Rules for responding to the disciplinary proceedings; (2) his refusal to acknowledge the wrongful nature of his conduct; and (3) his substantial experience in the practice of law, having been admitted to practice in 1987. Further, we conclude that each of these factors serves as aggravating circumstances justifying an increase in the level of discipline imposed.

We agree with the special master that disbarment is warranted

as a result of Hersh's violation of Standards 4, 61, 63, 65 (A), and 65 (D) of Bar Rule 4-102 (d). Accordingly, Hersh is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MAY 3, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.